RAY ENGINEERING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1343–63. Filed September 29, 1964.

*Robert M. Taylor*, for the petitioner.
*Edward L. Newberger*, for the respondent.

#### OPINION

BLACK, *Judge*: The Commissioner has determined deficiencies in petitioner's income tax for the taxable years ended March 31, 1959, and March 31, 1960, in the respective amounts of $6,378.48 and $4,897.74. In his deficiency notice the Commissioner stated as follows:

Since neither you nor Branch Coal Corporation were members of the same affiliated group as that term is defined in section 1504 of the Internal Revenue Code of 1954, you do not have the privilege, prescribed by section 1501 of the Internal Revenue Code of 1954, to file a consolidated return with Branch Coal Corporation for the taxable years ended March 31, 1959 and March 31, 1960.

It is also determined that you are not entitled to the deduction of $16,325.80 claimed in each of your income tax returns for the taxable years ended March 31, 1959 and March 31, 1960 for the alleged partial worthlessness of a debt allegedly owing by ABC-Federal Oil & Burner Co., Inc., since you have failed to establish that such alleged debt became worthless in whole or in part in either of the above taxable years.

The petitioner contests this determination of the Commissioner by assignments of error in its petition.

At the hearing a stipulation of facts, with exhibits attached thereto, was filed and is incorporated herein by this reference. Such of the

facts which have been stipulated and which seem necessary to an understanding of the issue to be decided will be hereinafter stated.

Petitioner is a corporation duly incorporated under the laws of the State of Pennsylvania with its principal office at Philadelphia, Pa. Its corporate income tax returns for the taxable years ended March 31, 1959, and March 31, 1960, were filed with the district director of internal revenue at Philadelphia on June 16, 1959, and June 15, 1960, respectively.

Branch Coal Corp., hereinafter referred to as Branch, is a corporation incorporated under the laws of the State of Pennsylvania with its principal office at Philadelphia.

On June 16, 1959, Branch filed two U.S. Corporation Income Tax Returns with the district director of internal revenue at Philadelphia for the taxable year ended March 31, 1959. One return covered the separate operations of Branch and the other purported to be a consolidated return covering the operations of Branch and petitioner.

On June 15, 1960, Branch filed two U.S. Corporation Income Tax Returns with the district director of internal revenue at Philadelphia for the taxable year ended March 31, 1960. One return covered the operations of Branch and the other purported to be a consolidated return covering the operations of Branch and petitioner.

Branch was incorporated April 10, 1944. During the years in question Branch was in the coal business. At all times during the taxable years ended March 31, 1959, and March 31, 1960, P. J. Goodman was the sole stockholder of all the outstanding stock of Branch.

On May 15, 1958, petitioner was incorporated. During the years in question petitioner was in the fuel oil business. At all times during the taxable years ended March 31, 1959, and March 31, 1960, P. J. Goodman was the sole stockholder of all the outstanding stock of petitioner.

Petitioner concedes that respondent correctly disallowed the claimed deduction for a bad debt of $16,325.80 in each of the taxable years ended March 31, 1959, and March 31, 1960.

Petitioner and Branch were not members of an affiliated group within the meaning of section 1504 of the 1954 Code and hence were not entitled to the privilege of filing consolidated returns under section 1501 of said Code.

The only issue before the Court is stipulated to be as follows:

7. The only issue now involved in this case is whether Ray [petitioner] and Branch were members of an affiliated group within the meaning of section 1504 of the Internal Revenue Code of 1954 entitling them to the privilege of filing consolidated returns under section 1501 of the Internal Revenue Code of 1954, as contended by the petitioner or whether Ray and Branch were not members of an affiliated group and not entitled to the privilege of filing a consolidated return, as contended by the respondent.

Section 1501 of the 1954 Code provides:

An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. * * *

Thus, in order to be entitled to the privilege of making a consolidated return the corporations involved must be members of "an affiliated group of corporations." Section 1504 of the 1954 Code defines an "affiliated group" as follows:

As used in this chapter, the term "affiliated group" means one or more chains of includible corporations connected through stock ownership with a common parent corporation which is an includible corporation if—

(1) Stock possessing at least 80 percent of the voting power of all classes of stock and at least 80 percent of each class of the nonvoting stock of each of the includible corporations (except the common parent corporation) is owned directly by one or more of the other includible corporations; and

(2) The common parent corporation owns directly stock possessing at least 80 percent of the voting power of all classes of stock and at least 80 percent of each class of the nonvoting stock of at least one of the other includible corporations.

It seems clear that in the instant case there is no "common parent corporation" within the meaning of the above-quoted section of the 1954 Code. Goodman owned all the stock of Branch and petitioner. Branch owned none of the stock of petitioner and petitioner owned none of the stock of Branch. Since neither petitioner nor Branch was connected through stock ownership with a common parent, the basic requirement of section 1504 has not been met. Petitioner and Branch were not members of an affiliated group under section 1504 and therefore were not entitled to file a consolidated return under section 1501. Hence, the only issue in the case is decided for respondent.

*Decision will be entered for the respondent.*